JUDGE CASTEL

**11 CV 2439**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ISIDRO GARCIA,

        Plaintiff,

-against-

MOUSTACHE LEX LLC, (d/b/a "Moustache Pitza Restaurant") and SALAM AL-RAWI,

        Defendants.
------------------------------------------------------------x

Docket Number 11 CV 2439

**COMPLAINT**



Plaintiff Isidro Garcia, by his attorneys MFY Legal Services, Inc., alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Moustache Lex LLC (d/b/a "Moustache Pitza Restaurant" and Salam Al-Rawi (collectively, "Defendants") to recover unpaid wages and damages for Defendants' violation of federal minimum wage and overtime laws and New York State Labor Laws. From approximately April 2006 through October 11, 2010, Defendants employed Mr. Garcia as a restaurant worker. During this time period, Mr. Garcia worked as many as 75 hours per week for Defendants, and Defendants did not pay him the required minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and the New York State Labor Laws, as well as the additional rate of pay for spread of hours under New York State Department of Labor Regulations.

2. Accordingly, Plaintiff, by his attorneys, seeks to recover compensatory damages, liquidated damages, attorney's fees, costs and interest for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and New York Labor Law, Article 6, §

190, et seq., and Article 19 § 650, et seq., and New York State Department of Labor Regulation Title 12, Subchapter B, § 137, et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Isidro Garcia is an adult currently residing in the Bronx, New York. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His consent is attached hereto and incorporated by reference.

6. Upon information and belief, Defendant Moustache Lex LLC (d/b/a "Moustache Pitza Restaurant") ("Moustache Lex") is a New York domestic limited liability company doing business at the following three restaurant locations: 90 Bedford Street, New York, New York 10014 (West Village); 265 East 10th Street, New York, New York 10009 (East Village); 1621 Lexington Avenue, New York, New York 10029 (East Harlem).

7. Upon information and belief, Defendant Moustache Lex is an enterprise engaged in interstate commerce with an annual gross volume of sales of not less than $500,000.00.

8. Upon information and belief, Defendant Salam Al-Rawi, is an owner of and/or partner in Moustache Lex LLC.

9. Upon information and belief, Defendant Salam Al-Rawi has power over personnel decisions at Moustache Lex including, but not limited to, the power to hire and fire employees,

2

establish employees' work schedules, establish and pay employees' wages, and maintain employment records.

10. At all times relevant to this action, Defendant Salam Al-Rawi and Defendant Moustache Lex were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

11. At all times relevant to this action, the primary business of Moustache Lex was the sale of food for take-out, delivery, consumption on the premises, and catering.

12. Moustache Lex provides a dining area with table and chairs for customers to consume food on the premises at three locations: 90 Bedford Street, New York, New York 10014 (West Village); 265 East 10th Street, New York, New York 10009 (East Village); 1621 Lexington Avenue, New York, New York 10029 (East Harlem).

13. Moustache Lex is a "restaurant" within the meaning of New York Labor Law.

14. Isidro Garcia was employed by Defendants as a restaurant worker from approximately April 2006 until October 11, 2010.

15. During the period he was employed by Defendants, Mr. Garcia worked primarily at the West Village restaurant located at 90 Bedford Street, New York, New York.

16. From April 2006 through October 2010, Mr. Garcia regularly worked 75 hours per week, from 12:00 noon until 12:30 a.m. (or 12.5 hours each day), six days a week.

17. At all times relevant to this action, Mr. Garcia worked in the kitchen four days each week, cutting meat and vegetables, preparing salads, cooking and helping with orders. For two days each week, he performed delivery work for the restaurant, cut meat, and washed dishes.

3

18. When Mr. Garcia started working in April 2006, Defendants paid him $350.00 per week in cash. Defendants gave Mr. Garcia a $25.00 per week increase every three to six months until April 2009, when he was paid $450.00 per week.

19. Defendants transferred Mr. Garcia from the West Village restaurant to work at the East Harlem restaurant located at 1621 Lexington Avenue, New York, New York. Mr. Garcia worked at the East Harlem location from about July 2009 through August 2009.

20. During these two months, Mr. Garcia performed the kitchen work described above but did not make any deliveries. He kept the same work schedule and continued to work 75 hours per week. Defendants paid him $500.00 per week during these two months.

21. In or about September 2009, Mr. Garcia was transferred from the East Harlem restaurant back to the West Village restaurant and performed the same job responsibilities (i.e., kitchen and delivery work) as he did before the transfer, worked the same schedule (i.e., 12.5 hours per day and 75 hours per week), and received his previous pay rate of $450.00 per week.

22. Mr. Garcia continued to work at the West Village restaurant until October 11, 2010, when Mr. Garcia accidentally cut his finger while cutting meat in the kitchen. On October 14, 2010, Defendants terminated Mr. Garcia after he indicated that he could not return to work because his finger had not yet healed. Defendants never paid Mr. Garcia for the five hours of work he performed on his final day of work on October 11, 2010.

23. At all times relevant to this action, the FLSA and New York Labor Law required Defendants to pay Mr. Garcia a minimum wage.

24. At all times relevant to this action, Defendants have willfully failed to pay Mr. Garcia the minimum wage for work performed between April 2006 through October 11, 2010, in violation of federal and state minimum wage laws.

25. At all times relevant to this action, the FLSA and New York Labor Law required Defendants to pay Mr. Garcia overtime wages, at a rate of one-and-one half times his regular rate of pay, for the hours Mr. Garcia worked in excess of 40 hours each week.

26. At all times relevant to this action, Defendants did not pay Mr. Garcia overtime compensation, and thereby willfully failed to pay Mr. Garcia for work he performed at a rate that is not less than one-and-one half times his regular rate of pay.

27. At all times relevant to this action, New York Labor Law required Defendants to pay Mr. Garcia his wages on a regular basis.

28. Defendants willfully failed to pay Mr. Garcia his wages on a regular basis when they failed to pay for the work he performed on his last day of employment.

29. At all times relevant to this action, New York Labor Law required Defendants to pay Mr. Garcia an extra hour of pay at the basic minimum wage rate for each day Mr. Garcia worked more than 10 hours per day.

30. At all times relevant to this action, Defendants willfully failed to pay Mr. Garcia an extra hour of pay at the basic minimum wage rate for each day Mr. Garcia worked more than ten hours per day.

## FIRST CAUSE OF ACTION
**(Federal Minimum Wage Violations)**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs.

32. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

33. At all times relevant to this action, Mr. Garcia was employed by Defendants within the meaning of 29 U.S.C. § 203.

34. Defendants willfully failed to compensate Mr. Garcia the minimum wage for the hours he worked, in violation of the FLSA, 29 U.S.C. § 206(a).

35. Defendants' violations of the FLSA, as described herein, were willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

36. Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Federal Overtime Violations)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs.

38. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203.

39. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of 29 U.S.C. § 203.

40. Defendants willfully failed to pay Plaintiff overtime compensation for each hour he worked in excess of 40 hours in a workweek in violation of the FLSA, 29 U.S.C. § 207.

41. Defendants' violations of the FLSA, as described herein, were willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

42. As a result of Defendants' federal law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as

liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (New York State Minimum Wage Violations)

43. Plaintiff realleges and incorporates by reference all preceding paragraphs.

44. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

45. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

46. Defendants willfully failed to record, credit or compensate Plaintiff the applicable minimum hourly rate, in violation of the New York Minimum Wage Act, New York Labor Law § 652.

47. As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

## FOURTH CAUSE OF ACTION
### (New York State Overtime Violations)

48. Plaintiff realleges and incorporates by reference all preceding paragraphs.

49. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

51. Defendants willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for each hour worked in excess of 40 hours in a workweek as required under New York Labor Law § 160, 12 NYCRR § 137-1.3.

52. As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

### FIFTH CAUSE OF ACTION
### (New York State Frequency of Payments Violations)

53. Plaintiff realleges and incorporates by reference all preceding paragraphs.

54. Defendants willfully failed to pay Plaintiff wages owed to him after he ceased working for Defendants by the next regular pay day, in violation of New York Labor Law § 191.

55. As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover the full amount of wages owed to him, an additional amount as liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to New York Labor Law § 663(1).

### SIXTH CAUSE OF ACTION
### (New York State Spread-of-Hours Pay)

56. Plaintiff realleges and incorporates by reference all preceding paragraphs.

57. Plaintiff routinely worked more than 10 hours per day.

58. Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum wage rate for each day Plaintiff worked more than 10 hours per day ("spread-of-hours pay"), in violation of New York Labor Law § 650, et seq.; 12 NYCRR § 137-1.7.

59. As a result of Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be granted:

i. Awarding Plaintiff unpaid minimum wages and overtime compensation due under the FLSA and an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216(b);

ii. Awarding Plaintiff unpaid minimum wages and an additional amount equal to twenty-five percent of the unpaid minimum wages as liquidated damages, pursuant to New York Labor Law § 663(1);

iii. Awarding Plaintiff unpaid overtime and spread-of-hours compensation, pursuant to the New York Minimum Wage Act regulations, and an additional amount equal to twenty-five percent of the unpaid overtime and spread-of-hours pay as liquidated damages, pursuant to New York Labor Law § 663(1);

iv. Awarding Plaintiff the full amount of wages that were not paid on a regular basis, pursuant to New York Labor Law § 191;

v. Awarding Plaintiff pre-judgment and post-judgment interest;

vi. Awarding Plaintiff the costs of this action together with reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b) and New York Labor Law § 663(1); and

vii. Awarding Plaintiff such other and further relief as this Court deems necessary and proper.

Dated: April 11, 2011
      New York, New York

*Magdalena Barbosa*
Magdalena Barbosa (MB1979)
Bernadette Jentsch (BJ 3503)
of counsel to Christopher D. Lamb, Esq.
MFY LEGAL SERVICES, INC.
Attorneys for Respondent
299 Broadway, 4th Floor
New York, NY 10007
Tel: (212) 417-3791

I, Isidro Garcia, consent to be a party to this action pursuant to 29 U.S.C. § 216(b).

_____     4/5/11
Isidro Garcia                                              Date

## CERTIFICATE OF TRANSLATION

I, Magdalena Barbosa, an attorney admitted to practice in this court, hereby state that I am fluent in English and Spanish and that I have translated the attached Complaint and consent statement above into Spanish for the Plaintiff, Isidro Garcia.

_____
Magdalena Barbosa